IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALOYSIOUS WELLS,<br><br>Defendant. | CR 12-100-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Aloysious Wells (Wells) has been accused of violating the conditions of his supervised release. Wells admitted all of the alleged violations. Wells's supervised release should be revoked. Wells should be placed in custody for 5 months, with 112 months of supervised release to follow.

## II. Status

Wells pleaded guilty to Abusive Sexual Contact on March 4, 2013. (Doc. 27). The Court sentenced Wells to 20 months of custody, followed by 10 years of supervised release. (Doc. 45). Wells's current term of supervised release began on May 6, 2019. (Doc. 69 at 2).

**Petition**

The United States Probation Office filed a Petition on June 18, 2019, requesting that the Court revoke Wells's supervised release. (Doc. 69). The Petition alleges that Wells violated the conditions of his supervised release: 1) by using a controlled substance; and 2) by failing to complete his 60-day substance abuse treatment program at Connections Corrections in Butte, Montana. (Doc. 69 at 2). United States District Judge Brian Morris issued a warrant for Wells's arrest on May 21, 2019.

**Initial appearance**

Wells appeared before the undersigned for his initial appearance on the Petition on June 26, 2019. Wells was represented by counsel. Wells stated that he had read the petition and that he understood the allegations. Wells waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on June 26, 2019. Wells admitted that he had violated the conditions of his supervised release: 1) by using a controlled substance; and 2) by failing to complete his 60-day substance abuse treatment program at Connections Corrections. The violations are serious and

2

warrant revocation of Wells's supervised release.

Wells's violations are Grade C violations. Wells's criminal history category is I. Wells's underlying offense is a Class A felony. Wells could be incarcerated for up to 60 months. He could be ordered to remain on supervised release for up to 117 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Wells's supervised release should be revoked. Wells should be incarcerated for 5 months, with 112 months of supervised release to follow. The supervised release conditions imposed previously should be continued. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Wells that the above sentence would be recommended to Judge Morris. The Court also informed Wells of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Wells that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Wells stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

That Aloysious Wells violated the conditions of his supervised release by using a controlled substance, and by failing to complete his 60-day substance abuse treatment program at Connections Corrections.

The Court **RECOMMENDS:**

That the District Court revoke Wells's supervised release and commit him to the custody of the United States Bureau of Prisons for a term of imprisonment of 5 months, with 112 months of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 26th day of June, 2019.

John Johnston
United States Magistrate Judge