IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALOYSIOUS WELLS,<br><br>Defendant. | CR 12-100-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Aloysious Wells (Wells) has been accused of violating the conditions of his supervised release. Wells admitted all of the alleged violations. Wells's supervised release should be revoked. Wells should be placed in custody for 2 months, with 110 months of supervised release to follow.

## II. Status

Wells pleaded guilty to Abusive Sexual Contact on March 4, 2013. (Doc. 27). The Court sentenced Wells to 20 months of custody, followed by 10 years of supervised release. (Doc. 45). Wells's current term of supervised release began on November 18, 2019. (Doc. 84 at 2).

**Petition**

The United States Probation Office filed a Petition on May 14, 2020, requesting that the Court revoke Wells's supervised release. (Doc. 84). The Petition alleges that Wells violated the conditions of his supervised release: 1) by failing to notify his probation officer of a change in residence; and 2) by failing to report for sex offender treatment. (Doc. 84 at 2-3).

**Initial appearance**

Wells appeared before the undersigned for his initial appearance on the Petition on May 28, 2020. Wells was represented by counsel. Wells stated that he had read the petition and that he understood the allegations. Wells waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on May 28, 2020. Wells admitted that he had violated the conditions of his supervised release: 1) by failing to notify his probation officer of a change in residence; and 2) by failing to report for sex offender treatment. The violations are serious and warrant revocation of Wells's supervised release.

Wells's violations are Grade C violations. Wells's criminal history category

is I.  Wells's underlying offense is a Class A felony.  Wells could be incarcerated for up to 60 months.  He could be ordered to remain on supervised release for up to 112 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.  Analysis

Wells's supervised release should be revoked.  Wells should be incarcerated for 2 months, with 110 months of supervised release to follow.  This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Wells that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Wells of his right to object to these Findings and Recommendations within 14 days of their issuance.  The Court explained to Wells that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Aloysious Wells violated the conditions of his supervised release: by failing to notify his probation officer of a change in residence; and by failing to report for sex offender treatment.

The Court **RECOMMENDS:**

That the District Court revoke Wells's supervised release and commit Wells to the custody of the United States Bureau of Prisons for 2 months, with 110 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 1st day of June, 2020.

John Johnston
United States Magistrate Judge